PATRICIA ELLIOTT, THROUGH AND BY HER MOTHER AND NEXT FRIEND, ET AL., APPELLANTS, V. ELDIN J. EHRLICH, DIRECTOR OF THE DEPARTMENT OF PUBLIC WELFARE OF THE STATE OF NEBRASKA, ET AL., APPELLEES.

280 N. W. 2d 637

Filed June 26, 1979. No. 41975.

David G. Challed of Dubuque Area Legal Services and David J. Clegg of Western Nebraska Legal Services, Inc., for appellants.

Paul L. Douglas, Attorney General, and Royce N. Harper, for appellees.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

McCOWN, J.

This is an appeal by plaintiffs from a judgment of the District Court affirming a final administrative decision of the State Department of Public Welfare denying applications of the plaintiffs for aid to dependent children benefits on behalf of the unborn child of each of the plaintiffs.

The plaintiffs, Patricia Elliott and Ruth L. Elliott, were 17 and 16 years old respectively at the times relevant here. They were living in the home of their mother, Grace Mart, in Scottsbluff, Nebraska, at the time the applications here were made, and both girls were unmarried and pregnant. In addition to the

plaintiffs, Grace Mart's son was also a member of the household, although he was away at college.

On November 3, 1976, the county department of public welfare notified plaintiffs that their applications for aid to dependent children and medical expense benefits had been rejected because plaintiffs were not deprived of parental support or care.

Plaintiffs appealed to the Director of the State Department of Public Welfare and a hearing was held on December 3, 1976. The evidence at the hearing established that because of the plaintiffs' pregnancies they required more fruits, vegetables, and milk, and needed vitamin supplements. They needed new clothes because their old ones no longer fit, and they were unable to walk for exercise because of inadequate clothing for winter. Plaintiffs were unable to afford such needed items because they had no money. The mother of the plaintiffs, with whom they were living, had monthly take-home pay of $480, plus $100 in child support. She testified that she could not afford to pay the pregnancy expenses of her daughters.

The hearing examiner found that there were six persons in the family unit, Grace Mart, her three children, and the two unborn children of the plaintiffs, and that the income of Grace Mart was substantially in excess of the $429 per month need standard for a family unit of six, and found that the applications of the plaintiffs for benefits should be rejected. The Director of the State Department of Public Welfare consequently affirmed the previous action of the county division of public welfare and rejected the plaintiffs' applications.

The plaintiffs filed a petition for review of the action of the Director of the State Welfare Department in the District Court for Scotts Bluff County. The petition of the plaintiffs alleged that the basis of the rejection of plaintiffs' applications was regulation IX-4731 of the Nebraska Department of Public Wel-

fare which provides, among other things: "Responsibility of parents for a pregnant minor includes responsibility for the unborn child." The petition alleged that the regulation was unconstitutional because it was a usurpation of the legislative power; because the regulation arbitrarily created classifications of pregnant minors which had no rational basis and constituted a denial of equal protection; and because classification of unborn children of pregnant minors living at home rested on the irrebuttable presumption that the income of a grandparent would be available for the benefit of an unborn grandchild, and the presumption was arbitrary and in violation of due process.

The matter was tried in the District Court in October 1977 on the transcript from the county welfare department hearing and other evidence. The record establishes that plaintiff, Ruth L. Elliott, gave birth to a son on March 9, 1977, and plaintiff, Patricia Elliott, gave birth to a son on March 21, 1977. The plaintiffs prayed for a retroactive award of aid to dependent children benefits for the months of November 1976, December 1976, January 1977, and February 1977, totaling $640 for the unborn child of each plaintiff, and retroactive medical assistance benefits for the same period. On December 12, 1977, the District Court affirmed the order of the State Director of Public Welfare denying benefits, and this appeal followed.

Some background information is necessary. The basic grant in aid program for aid to dependent children was established by the federal government through the Social Security Act codified as 42 U. S. C. A., section 601 et seq. The act provides specific guidelines as to how state plans are to be set up and provides that "all individuals wishing to make application for aid to families with dependent children shall have opportunity to do so, and that aid to families with dependent children shall * * * be furnished

with reasonable promptness *to all eligible individuals* * * *." 42 U. S. C. A. § 602 (a) (10). (Emphasis supplied.)

The federal act defines dependent child and does not specifically include an unborn child within that definition but is silent on the question. However, the Department of Health, Education and Welfare has promulgated a regulation which provides that federal fund participation is available in payments with respect to an unborn child when the fact of pregnancy has been determined by medical diagnosis. The practice of the department has been to make payments for unborn children an optional matter with the states. The United States Supreme Court has held that states are not required to include unborn children within the meaning of dependent child but may receive federal funds for unborn children at their option. Burns v. Alcala, 420 U. S. 575, 95 S. Ct. 1180, 43 L. Ed. 2d 469. Nebraska has a statutory plan for receiving and dispensing aid to dependent children benefits including those for unborn children. See § 43-501 et seq., R. R. S. 1943, as amended.

Section 43-504 (2), R. S. Supp., 1978, defines dependent child substantially in conformity with the federal statute but also provides: "Only for the purpose of awarding aid to dependent children payments, the term *dependent child* shall include unborn children. As soon as it is medically determined that pregnancy exists, application may be made for initial eligibility or an increase in an existing unit budget." (Emphasis supplied.) This subsection became effective May 13, 1975.

The State Welfare Department has adopted regulation IX-4731, which provides: "Unborn Children: In the ADC budget an unborn child shall be budgeted in the same manner as any other child. The unborn child shall be included in the household and in the unit when using the standard table (IX-4641). Responsibility of parents for a pregnant minor includes

responsibility for the unborn child."

Obviously regulation IX-4731 applies only to unborn children and consequently does not apply once the child is born. Unmarried pregnant minors not living with their parents and unmarried pregnant adults, whether living with their parents or not, are treated as a separate "unit." Once the child is born, mother and child are treated as a separate unit, whether the mother is an adult or a minor, and whether she lives in the home of her parents or not. Regulation IX-4731 is, therefore, applied only during, pregnancy and only in the case of an unmarried pregnant minor who is living with her parent or parents.

The thrust of the plaintiffs' contentions here is that regulation IX-4731 creates an irrebuttable presumption that when an unmarried pregnant minor is living in the home of her parent or parents, the prospective grandparents provide support for the unborn child, whether or not any support is actually provided, thus denying plaintiffs equal protection and due process of law.

The plaintiffs contend that the regulation has established different classifications of needs for unborn children. Under the challenged regulation an unborn child has no needs which are separate and distinct from those of its mother and maternal grandparents if the prospective mother is an unmarried minor and lives in the home of her own parents. If the prospective mother is an unmarried minor and does not live in the home of her parents, or is 19 years old or older, whether she lives in the home of her parents or elsewhere, her unborn child does have needs which are separate and distinct from those of its mother and maternal grandparents.

The irrebuttable presumption created by the regulations of the welfare department includes the total amount of income of the maternal grandparents of an unborn child as income available for its needs if

the minor mother lives with her parents regardless of whether any income is actually contributed. That irrebuttable presumption does not apply to any other classification of unborn children, nor any other classification of unmarried pregnant women. Neither does it apply in any case after the child is born. Instead a new "unit" is created consisting of the mother and child.

Welfare benefits are not a fundamental right and neither the state nor the federal government is under any sort of constitutional obligation to guarantee minimum levels of support. Lavine v. Milne, 424 U. S. 577, 96 S. Ct. 1010, 47 L. Ed. 2d 249.

"In the area of economics and social welfare, a State does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect. If the classification has some 'reasonable basis,' it does not offend the Constitution simply because the classification 'is not made with mathematical nicety or because in practice it results in some inequality.' * * * 'A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it.' " Dandridge v. Williams, 397 U. S. 471, 90 S. Ct. 1153, 25 L. Ed. 2d 491.

Under federal ADC regulations only the net income that is actually contributed by a person who is not a "parent" may be considered in determining need. See 45 C. F. R. § 233.90 (a).

In Townsend v. Swank, 404 U. S. 282, 92 S. Ct. 502, 30 L. Ed. 2d 448, the Supreme Court held that a state eligibility standard that excludes persons eligible for assistance under federal AFDC standards violates the Social Security Act and is therefore invalid under the Supremacy Clause.

In King v. Smith, 392 U. S. 309, 88 S. Ct. 2128, 20 L. Ed. 2d 1118, the Supreme Court of the United States determined that AFDC regulations properly excluded from consideration resources which are merely

assumed to be available to the needy individual and said: "We believe Congress intended the term 'parent' in § 406 (a) of the Act, 42 U. S. C. § 606 (a), to include only those persons with a legal duty of support." Since the repeal of section 68-101, R. R. S. 1943, in 1969, in Nebraska there has been no legal obligation upon grandparents to support grandchildren. Neither do grandparents as such stand in loco parentis to their grandchildren. See 59 Am. Jur. 2d, Parent and Child, § 89, at p. 185.

In Boines v. Lavine, 44 A. D. 2d 765, 354 N. Y. S. 2d 252, the court held: "An unborn child has needs separate and distinct from its mother for which its grandparents (applicant's parents) are not legally responsible. * * * Absent an obligation of support owing by the grandparents for the needs of a minor child or an unborn infant, their resources and income are irrelevant and should not be the subject of a hearing under subdivision c of section 349 of the Social Services Law. We agree with the conclusion reached by Special Term, however, that this applicant was entitled to an aid for dependent children grant to meet the needs of her unborn infant although she was not a recipient of public assistance. The legislative and departmental regulations recognize that unborn children have needs separate and independent from those of its mother; that they are, therefore, eligible for public assistance and included among those benefited. * * * The State's statutes and regulations may not be construed inconsistently with the Federal statute which controls the disbursement of these funds * * *."

Regulation IX-4731 creates an irrebuttable presumption that a maternal grandparent, who has no legal duty to support an unborn grandchild, actually contributes all income required for the needs of the unborn child. Statutes creating a permanent irrebuttable presumption have long been disfavored under the Due Process Clauses of the Fifth and Four-

teenth Amendments. See Vlandis v. Kline, 412 U. S. 441, 93 S. Ct. 2230, 37 L. Ed. 2d 63.

Welfare benefits are a matter of statutory entitlement for persons qualified to receive them. Their termination involves state action that adjudicates important rights. Goldberg v. Kelly, 397 U. S. 254, 90 S. Ct. 1011, 25 L. Ed. 2d 287.

It may be reasonable to assume that the parents of an unmarried pregnant minor will support the needs of the unborn child but that assumption is not always true. It is not difficult to imagine many situations in which prospective grandparents might refuse to support the needs of an unborn child. It is arbitrary and unreasonable to create such an irrebuttable presumption during the time the unmarried pregnant minor lives with her parents but transform it into a rebuttable presumption the moment she leaves her parents' residence or the moment her child is born. The state's interest in administrative ease and certainty cannot save the conclusive presumption of the regulation from invalidity under the Due Process Clause where there are other reasonable and practicable means of establishing the pertinent facts of actual contribution. If those facts can be ascertained, as they are now being ascertained in other cases involving unmarried pregnant minors not living at home, and all unmarried minor mothers, whether living at home or not, there is no valid reason they cannot be ascertained with respect to an unmarried pregnant minor living at home.

Regulation IX-4731, to the extent that it creates an irrebuttable presumption that the income of maternal grandparents is contributed to the needs of an unborn grandchild, denies the plaintiffs equal protection of the law and due process of law and is invalid and unconstitutional under the United States and Nebraska Constitutions. The evidence in the record fails to establish the amounts that the grandmother of the unborn children here actually contrib-

uted to their needs, and because of the regulation no evidence was presented on that issue.

The judgment of the District Court is therefore reversed and the cause remanded to the District Court for further proceedings in accordance with this opinion.

REVERSED AND REMANDED.